UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 00-23-JBC

UNITED STATES OF AMERICA                    PLAINTIFF


VS:                **REPORT AND RECOMMENDATION**


TONY TAYLOR                                    DEFENDANT

* * * * *

This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office.  A hearing was conducted on the 5th day of December, 2005, at which the defendant was personally present and represented by appointed counsel, Hon. Willis Coffey, and the United States was represented by Assistant United States Attorney Martin Hatfield.

The Magistrate Judge heard testimony of United States Probation Officer Deana Kincer.  The defendant stipulated to the violations which are set out in the report of November 15, 2005, and Addendum of December 1, 2005.  The Magistrate Judge, being so advised, makes the following proposed Findings of Fact and Conclusions of Law:

1

## FINDINGS OF FACT

1) On September 7, 2001, the defendant was sentenced in this Court, pursuant to a plea of guilty, to possessing and concealing counterfeit obligations of the United States.  His punishment was fixed at a thirty-five (35) month term of imprisonment, to be followed by three (3) years of supervised release.  The defendant began his three-year period of supervised release on July 1, 2005.

2) The defendant has stipulated that on November 4, and November 21, 2005, he submitted urine screens which both tested positive for cocaine.

## CONCLUSIONS OF LAW

The written reports and testimony prove, by clear and convincing evidence, that the defendant has violated the following condition of his supervision:

- The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substances, or any paraphernalia relating to such substances, except as prescribed by a physician.

The above violations are Grade B violations.  Pursuant to Title 18, U.S.C., Section 3583(e), upon the finding of a Grade B violation, the Court shall terminate supervised release unless the Court determines that a drug treatment program would be more beneficial to the defendant.  However, as pointed out by the probation officer, Mr. Taylor has completed a 40-hour drug treatment program

2

while federally incarcerated, completed a 27-month inpatient program while incarcerated on a state conviction in Florida, and has participated in out-patient substance abuse counseling since beginning this term of supervised release. The probation officer also points out that the defendant has a significant criminal history and past drug addition. The defendant admits he has had a lengthy battle with cocaine addiction, but requests additional treatment, including increasing outpatient treatment and/or enrolling in an inpatient program at Crossroads. The Magistrate Judge concludes that the exception is not warranted in this case.

Pursuant to Guideline §7B1.4(a), it would appear that should the Court revoke Mr. Taylor's supervision based on the Grade B violation and his criminal history category of V, the period of imprisonment would be eighteen (18) to twenty-four (24) months. The statutory maximum is a term not to exceed two (2) years. 18 U.S.C. §3583(e)(3). Of course, the Guidelines are advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion. The defendant did not waive his right of allocution, expressly reserving same. The defendant requested he be allowed to self-report if his term of supervised release is revoked.

3

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED as follows:

1) That the defendant's supervised release be REVOKED, and that he be committed to the custody of the Bureau of Prisons to be imprisoned for such new term of imprisonment as the Court may determine after affording the defendant his right of allocution;

2) That the sentence of imprisonment be followed by a new term of supervised release upon the same conditions and term presently existing, expiring on June 30, 2008; and,

3) That, if his supervision is revoked, he be allowed to self-report to such institution as may be designated by the Bureau of Prisons.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after

being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 5th day of December, 2005.

Signed By:

*J.B. Johnson, Jr.*

United States Magistrate Judge

5